IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **NATIONWIDE INSURANCE COMPANY OF AMERICA A/S/O DARREN AND BECKY HARRIS,** | ) | |
| **Plaintiff,** | ) | **NO. 3:25-cv-00135** |
| **v.** | ) | **JUDGE CAMPBELL**<br>**MAGISTRATE JUDGE FRENSLEY** |
| **CART MART, INC., and DELTA-Q TECHNOLOGIES,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM and ORDER**

Pending before the Court is Defendant Delta-Q Technologies' ("Delta-Q") Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. No. 54). Plaintiff did not file a response. For the reasons stated herein, the motion is **GRANTED**.

## I. LAW AND ANALYSIS

Motions to dismiss for lack of personal jurisdiction under Rule 12(b)(2) involve burden shifting. *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020). "The plaintiff must first make a prima facie case, which can be done merely through the complaint." *Id*. (citing *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)). The burden then shifts to the defendant to support a motion to dismiss with evidence. *Id*. (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). "Once the defendant has met the burden, it returns to the plaintiff, who may no longer 'stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.'" *Id*.

"A federal court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law—and any such exercise of jurisdiction must be compatible with the due process requirements of the United

Constitution." *Id*. at 502 (citing *Int'l Tech. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997).

There are two types of personal jurisdiction – specific jurisdiction and general jurisdiction. *Id*. at 501. "General jurisdiction exists when the defendant's affiliations with the forum state are 'so continuous and systematic as to render' the defendant 'essentially at home' there." *Id*. at 501-02 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations omitted). "Specific jurisdiction, on the other hand, depends on an 'affiliation between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* at 502.

In the Second Amended Complaint, Plaintiff alleges that "Delta-Q Technologies is a Canadian corporation in the business of developing and supplying battery chargers for various vehicles and equipment, including but not limited to, golf carts with distribution and/or sales throughout the United States including Tennessee." (Am. Compl., Doc. No. 33 ¶ 4). The Second Amended Complaint states that Delta-Q is a defendant because Cart Mart asserted comparative fault against Delta-Q in its answer to the Amended Complaint. (*Id*. ¶ 21). Cart Mart recently filed an amended answer that asserts comparative fault against Flextronics, not Delta-Q. (*See* Amended Answer, Doc. No. 61 ¶ 10).

In support of its motion to dismiss, Delta-Q filed a memorandum and the Declaration of Hiroshi Hasegawa, Senior Key Account Manager for Delta-Q's golf division. (Doc. Nos. 54, 54-1). Mr. Hasegawa states that Delta-Q is an engineering design firm that is incorporated in and has a principal place of business in British Columbia, Canada. (*Id*. ¶¶ 3, 4). Delta-Q designs the battery charges and receptacles in British Columbia, and a different company, Flextronics, manufactures the battery chargers and receptacles designed by Delta-Q at its factory in Shenzhen, China. (*Id*. ¶¶

5-6). The chargers are sent from the factory in China to Textron Specialized Vehicles ("TSV") in August, Georgia. (*Id*. ¶¶ 22, 23). Mr. Hasegawa states that Delta-Q has no contacts with Tennessee and that no part of the engineering, production, assembling, distributing, or exporting goes through or touches Tennessee. (*Id*. ¶¶ 7-18, 23-24).

Plaintiff did not respond to the motion with facts to show that Delta-Q has contacts with Tennessee. The information filed by Delta-Q shows that it does not have continuous and systematic contacts with Tennessee and Delta-Q's conduct related to this case is in no way connected to Tennessee. Accordingly, Delta-Q is not subject to personal jurisdiction in Tennessee.

## II. CONCLUSION

For the reasons stated, Delta-Q's Motion to Dismiss (Doc. No. 54) is **GRANTED** and Delta-Q is **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE